# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANNY CREWS,** | } |
| **Plaintiff,** | } |
| v. | }  Case No.: 2:21-cv-01487-MHH |
| **PFIZER, INC.,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

In this action, *pro se* plaintiff Danny Crews alleges that because he used the prescription smoking cessation aid Chantix, manufactured by defendant Pfizer Inc., he developed cancer and other medical issues. (Doc. 7, p. 1). Pfizer has filed a motion for summary judgment. In its motion, Pfizer argues that Mr. Crews's claim fails as a matter of law because Mr. Crews has not disclosed an expert witness to testify that Mr. Crews's use of Chantix caused his alleged injuries. Pfizer contends that because expert testimony is needed to establish medical causation in a pharmaceutical products liability case such as this, and because Mr. Crews has not identified an expert who can support his allegations, the company is entitled to judgment as a matter of law. (Doc. 25).

I.

Rule 56 of the Federal Rules of Civil Procedure governs Pfizer's summary judgment motion.  Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To demonstrate that there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).  When considering a summary judgment motion, the Court must view the evidence in the record in the light most favorable to the non-moving party.  *Thai Meditation Ass'n of Ala., Inc. v. City of Mobile*, 83 F.4th 922, 926 (11th Cir. 2023).

Under Federal Rule of Civil Procedure 56(c)(2), at the summary judgment stage, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  These objections function like trial objections, and "[t]he burden is on the proponent [of the evidence] to show that the material is admissible as presented or

to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2), advisory committee's note to the 2010 amendments. If a district court finds that summary judgment evidence will be available at trial in an admissible form, then the court may consider the evidence when deciding a summary judgment motion, even though the evidence is not in an admissible form at the summary judgment stage. For example, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012) (quotation marks omitted).

## II.

For Mr. Crews to succeed on his claim, he must present admissible expert testimony to establish that Chantix generally can cause the type of injuries alleged and that his use of Chantix caused his specific injury. *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1303–04 (11th Cir. 2014); *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1196 (11th Cir. 2010) (explaining the differences between general causation and specific causation). In its motion for summary judgment, Pfizer contends that because Mr. Crews has not designated an expert or submitted an expert report pursuant to Federal Rule of Civil Procedure 26, Mr. Crews cannot show that his use of Chantix caused his alleged injuries.

After Pfizer moved for summary judgment, the Court held a status conference and gave Mr. Crews 21 days to respond to the motion and designate expert witnesses. (Doc. 28). In response, Mr. Crews filed three documents titled "Drug info on the side effects of chantix" and two documents titled "Plaintiff to disclose expert witnesses," which include the names of Dr. Douglas F Watt, Dr. Joseph Glenmullen, and Mr. Thomas J. Moore. (Docs. 29, 30, 31, 32, 33). Pfizer has filed a motion asking the Court to disregard these documents. (Doc. 34).

Federal Rule of Evidence 702 provides the standard for admissible expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Expert testimony is admissible under Federal Rule of Evidence 702 if: (1) the expert is qualified to testify regarding the subject of the testimony; (2) the expert's methodology is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the expert's testimony will assist the trier of fact in

understanding the evidence or determining a fact at issue." *Prosper v. Martin*, 989 F.3d 1242, 1248 (11th Cir. 2021) (quotation marks omitted) (quoting *Chapman*, 766 F.3d at 1304).[1] The party offering an expert bears the burden of proving by a preponderance of the evidence that each of these requirements is met. *Prosper*, 989 F.3d at 1248.

"Because [expert witnesses] can offer such uniquely powerful opinion testimony—testimony that often cannot be rebutted without expert testimony from the other side—expert witnesses are subject to one of two disclosure requirements set out in" Federal Rule of Civil Procedure 26. *Cedant v. United States*, 75 F.4th 1314, 1319–20 (11th Cir. 2023). While Rule 26 sets forth two types of expert witness disclosures, at a minimum, expert disclosures must include "the facts and opinions to which the expert is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C)(ii); *see Cedant*, 75 F.4th at 1317 (explaining the differences between when expert witnesses must submit expert reports under Rule 26(a)(2)(B) and

---

[1] In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court identified four non-exhaustive factors to determine the reliability of an expert's testimony:

> (1) whether the expert's methodology has been tested or is capable of being tested;
> (2) whether the theory or technique used by the expert has been subjected to peer review and publication;
> (3) whether there is a known or potential error rate of the methodology; and
> (4) whether the technique has been generally accepted in the relevant scientific community.

*Prosper v. Martin*, 989 F.3d 1242, 1249 (11th Cir. 2021) (citation omitted) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593–94 (1993)).

26(a)(2)(C)).  If a party does not provide information or identify a witness as required by Rule 26(a), then Rule 37 provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Viewed in a light most favorable to Mr. Crews, the documents he submitted to try to address causation are not admissible and do not create a genuine dispute as to causation.  With respect to the documents titled "Drug info on the side effects of chantix," the content of these documents appears to have been copied and pasted from unidentified sources discussing Chantix.  (Docs. 29, 30, 31).  Documents 29 and 31 contain information about the possible side effects of Chantix, while Document 30 appears to be an article fact checking claims that Chantix was recalled for causing cancer.  Mr. Crews cannot rely on unidentified sources discussing the possible side effects of Chantix to prove that his use of Chantix caused his specific alleged injuries.  Rather, he must prove causation through admissible, reliable expert testimony.

Second, with respect to the documents titled "Plaintiff to disclose expert witnesses," neither document satisfies the requirements for expert witness disclosures under Federal Rule of Civil Procedure 26(a)(2) nor the requirements for admissible expert testimony under Federal Rule of Evidence 702.  For example, Document 32 contains biographical information for Dr. Douglas F. Watt which

appears to have been copied and pasted from an unidentified source. Nothing in Document 32 indicates that Dr. Watt is aware of this action, has formed an opinion that is reliable and helpful as to the ultimate issue of causation, or that Dr. Watt is willing to testify on Mr. Crews's behalf. Similarly, the contents of Document 33 appear to have been copied and pasted from a motion submitted in a separate case, *In Re Chantix (Varenicline) Products Liability Litigation MDL 2092*, No. 2:09-cv-02039-IPJ, and includes the names of Dr. Joseph Glenmullen and Mr. Thomas J. Moore. Again, there is nothing in Document 33 from which the Court can ascertain that Dr. Glenmullen or Mr. Moore is aware of and is willing to testify in this action or that either has formed an opinion regarding the cause Mr. Crews's alleged injuries. To the extent Dr. Glenmullen and Mr. Moore may have served as expert witnesses in other Chantix cases and could testify as to general causation, such testimony would not be sufficient for Mr. Crews to prove that his use of Chantix specifically caused his alleged injuries.

    Because Mr. Crews has not presented admissible expert evidence that he may offer to prove that his use of Chantix caused his alleged injuries, the Court grants

Pfizer's motion for summary judgment. The Court orders the Clerk to please TERM Docs. 25 and 34. The Court will issue a separate final judgment.[2]

**DONE** and **ORDERED** this February 13, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that the burden to prove causation in a pharmaceutical case may be difficult for a *pro se* plaintiff to meet, (Doc. 35), but the Court is not aware of authority that excuses a *pro se* litigant from the obligation to produce expert evidence to establish causation in a case such as this. As discussed, the alternatives to expert evidence that Mr. Crews has provided are not admissible.